**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RONNIE EALEY, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| IMPERIAL FIRE AND CASUALTY | § | |
| INSURANCE COMPANY and SHANE | § | |
| WADDELL, | § | |
| | § | |
| *Defendants* | § | |
| | § | |
| | § | |

---

**DEFENDANT IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Imperial Fire and Casualty Insurance Company ("Imperial") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

## I.    BACKGROUND

1.    This is an insurance claim based on alleged property damage to a property located at 1415 Meadow Hill Drive, Sugar Land, Texas 77479 ("the Property").

2.    On March 15, 2019, Imperial notified Plaintiff Ronnie Ealey ("Plaintiff") in writing that it will accept liability for Shane Waddell's acts or omissions in handling Plaintiff's claims.

3.    Almost a month later on April 10, 2019, Plaintiff filed his Original Petition in the matter styled *Ronnie Ealey v. Imperial Fire and Casualty Insurance Company and Shane Waddell*;

Cause No. 19-DCV-261434; In the 240th Judicial District Court, Fort Bend County, Texas ("State Action"), in which Plaintiff asserts claims for breach of contract, negligence, and violations of the Texas Insurance Code and DTPA.  Imperial was served with the suit on April 17, 2019, and timely appeared in the State Action on May 9, 2019.

## II.      BASIS FOR REMOVAL

### A.      There is Complete Diversity

4.      Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

5.      Upon information and belief, Plaintiff is a resident in Fort Bend County, Texas. (Pl.'s Orig. Pet. at para. 2).

6.      Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Imperial is a corporation incorporated and existing under the laws of Louisiana, keeping its principal place of business in Louisiana.

7.      Defendant Shane Waddell is a citizen of the State of Texas; however, Imperial contends that Waddell has been improperly joined and that he must be dismissed from the case. Therefore, Waddell's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

### B.      Improper Joinder Standards

8.      This Court should find that Waddell has been improperly joined solely to defeat diversity.  A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd*., 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To determine "whether the complaint states a claim under state law against the in-state

2

defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

9.       The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).  This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).  *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).  When these principles are applied, it is evident that Waddell has been joined solely to defeat diversity jurisdiction.

**C.       Waddell Has Been Improperly Joined**

     **1)       §542A.006 of the Insurance Code Compels Waddell's Dismissal**

10.       On September 1, 2017, Chapter 542A of the Texas Insurance Code became effective. The statute was designed, in part, to address the abuses of naming in-state adjusters in lawsuits against insurance carriers with the sole intent of destroying diversity jurisdiction, not actually pursuing a claim against the adjuster. To further that end, the new statute requires dismissal of an insurance adjuster if the carrier has notified the claimant in writing that will accept whatever liability the adjuster might have to the plaintiff for the adjuster's acts or omissions in handling the claim. Tex. Ins. Code §542A.006(c). After receiving Plaintiff's demand, but before suit was filed, Imperial notified Plaintiff in writing that it would accept liability for Waddell's acts or omissions in handling Plaintiff's claims. Therefore, the Court must

dismiss Waddell, thereby rendering diversity jurisdiction proper. *Flores v. Allstate Vehicle and Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553 (S.D. Tex. Oct. 31, 2018).

                **2)**        **Plaintiff Fails to State an Actionable Claim**

11.      Even if the Court were to conclude that additional analysis of Waddell's joinder were appropriate, the result would not change. A close review of Plaintiff's Original Petition shows that Plaintiff's real complaint against Waddell has nothing to do with his actions and everything to do with the alleged underpayment by Imperial.  For example, Plaintiff's Petition cites to the allegation that Waddell's estimate of damages is fraud because his valuation differs from that calculated by Plaintiff.  But that discrepancy would not be owed by Waddell:  it is a policy benefit that would potentially be owed by Imperial.

12.      Likewise, Plaintiff also asserts that Waddell misrepresented the amounts necessary to repair Plaintiff's property, but again, Waddell could not be individually liable for those payments because he is not a party to the insurance contract.  Taken together, these allegations show that Plaintiff has failed to state a viable claim against Waddell in his individual capacity because it offers no specific facts that are distinct from those it asserts against Imperial. *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) ("[E]ven though an adjuster is a "person" under the Insurance Code, an adjuster cannot be held liable for a violation of the Code unless he causes an injury distinguishable from the insured's actions."). *See also Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.").  Texas law is also clear that to be liable for

alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

**B.      Plaintiff Does Not State a Viable Cause of Action Under Insurance Code §541.060**

13.     As established above, Plaintiff's factual allegations do not support a claim against Waddell in his individual capacity. Those facts also fail as a matter of law because Texas federal courts that have addressed §541.060 unfair settlement practices allegations against an adjuster have found that these sections **only applies to insurers**, not adjusters. *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see*, *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014); *Slabaugh v. Allstate Ins. Co.*, No. 4:15-cv-115, 2015 WL 4046250, at *10 (E.D. Tex. June 30, 2015). Therefore, Plaintiff's claims under Insurance Code §541.060 fails as a matter of law.

**1)      Failure to Effect Prompt Settlement.**

14.     Plaintiff's allegations against Waddell for failing to attempt in good faith to make a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear also fail as a matter of law. Tex. Ins. Code § 541.060(a)(2). Texas federal courts have held that "an adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer." *Meritt Buffalo Events*, 2016 WL 931217, at *4 (quotation marks and citations removed). Moreover, Waddell does not

have settlement authority, nor does Plaintiff allege Waddell had settlement authority on behalf of Imperial in his Original Petition. Consequently, Plaintiff has failed to state a plausible claim under § 541.060(a)(2) against Waddell.

**2)     Failure to Explain Denial of Claim**

15.     Plaintiff also alleges Waddell is liable for "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims."  But those allegations do not state a plausible claim for relief, "because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim," so an adjuster cannot be held liable for violating § 541.060(a)(3). *Bianca Tabarestani v. United Prop. and Cas. Ins. Co., Eric David Savener, and Valerie Riley*, No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087 D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Further, the factual allegations in Plaintiff's Original Petition pleaded that IMPERIAL, not Waddell, was obligated to provide an explanation for the basis of Waddell's coverage decision and payment of $38,605.09.  [Doc. 1-3 at ¶¶ 19 and 20].

**C.     Plaintiff's Chapter 542.003 allegations do not apply to Waddell as a matter of law.**

16.     Similarly, Section 542.003(b)(3) and (b)(4) prohibit "an insurer engaging in business in this state" from "failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies," and "not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear."  Tex. Ins. Code Ann. § 542.003.  While Chapter 541 of the Texas Insurance Code permits causes of action against "persons," Chapter 542 is exclusively limited to insurers. *See* Tex. Ins. Code 542.003(a) ("An *insurer* engaged in business in this state may not engage in

6

an unfair claim settlement practice.") (emphasis added); Tex. Ins. Code 542.003(b) ("Any of the following acts by an insurer constitutes unfair claim settlement practices..."); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.—Dallas Mar. 30, 2016, no. pet. h.) ("Greenhaw's motion for summary judgment asserted he did not violate section 542.003 because that section regulates the actions of insurers only and not adjusters. We agree.... We conclude Greenhaw established as a matter of law that he did not violate chapter 542."). Federal courts have also held the same. *See, e.g., Lopez*, 197 F. Supp. 3d at 951; *Mainali Corp.*, 2015 WL 5098047, at *6 ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Waddell is an adjuster and not an insurer. Additionally, Chapter 542 concerns claims for contractual interest. Plaintiff does not have a contract with Waddell. Accordingly, Plaintiff's Chapter 542 violations against Waddell are improper as a matter of law.

**D.    Plaintiff's Negligence and Gross Negligence Claims Against Waddell Are Not Actionable in Texas.**

17.    Plaintiff also asserted negligence and gross negligence claims against Waddell and generally alleged "Waddell was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas." Nevertheless, Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Additionally, district courts within the Fifth Circuit have recognized the same. *See Flynn v. State Farm Fire & Cas. Ins. Co. (Texas)*, 605 F.Supp.2d 811, 817 (W.D. Tex. 2009); *Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F.Supp.2d 755, 773 (S.D.Tex.2008) ("Moreover, courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law"); *see also Jimenez v. State Farm Lloyds*, 968 F.Supp. 330, 334 (W.D.Tex.1997) ("This

7

Court finds that Texas law does not recognize any cause of action for negligent claims handling.").

**E.      Plaintiff's Claims Against Waddell are Barred by the *Bona Fide* Dispute Rule.**

18.      Additionally, there is no reasonable basis on which this Court may predict a possibility of recovery against Waddell, individually.  Texas law is clear that a *bona fide* dispute on coverage or amount of loss does not rise to the level of "bad faith."  *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994).  If an insurer, such as Imperial, has a *reasonable* basis for denying or delaying a claim, it cannot be held liable for "bad faith" even where the insurer's decision is ultimately held to be erroneous.  *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993); *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 774 (Tex. 2006); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994) (bad faith is not established where insured claims insurer was incorrect about the factual basis for its denial of the claim); *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (insured must establish that liability was reasonably clear).  If an insurer cannot be held liable for bad faith for a *bona fide* coverage dispute, surely a managing general agent for the insurer, who had no contact with the Insured or involvement in the insurer's claim determination cannot be held liable either.  The dispute between Plaintiff and Imperial is a *bona fide* dispute as to Imperial's contractual obligations.  Whether or not Imperial owes Plaintiff any additional amount on his claim is the only dispute properly before this Court, not one against an insurance adjuster who simply did his job.  *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex.1998).

## III.      REMOVAL IS PROCEDURALLY CORRECT

19.      Attached hereto as Exhibit "A" is the Index of Matter Being Filed.  A copy of the Fort Bend County Clerk's Docket Sheet and file for this case is attached as Exhibit "B", which

includes true and correct copies of executed process, pleadings, and orders. Attached hereto as Exhibit "C" is Imperial Fire and Casualty Insurance Company's Certificate of Interested Parties.

20.     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish).  Plaintiff alleges that Imperial is liable under violations of §542 of the Texas Insurance Code and DTPA and seeks to recover actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, and reasonable and necessary attorneys' fees.  Plaintiff's Original Petition also indicates that Plaintiff seeks more than $100,000. (Pl.'s Orig. Pet. at para. 88).   Thus, the amount in controversy clearly exceeds $75,000.

21.     Accordingly, by virtue of diversity of citizenship the United States district courts have original jurisdiction.

22.     Imperial was served on April 17, 2019. Imperial files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

23.     Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division include county in which the State Action has been pending, and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district and division.

24.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the State Action are attached to this Notice.

25.     Pursuant to 28 U.S.C. § 1446(d), promptly after Imperial files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

26.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Fort Bend County, promptly after Imperial files this Notice.

27.     Although consent of an improperly joined party is not necessary for removal, Waddell consents to removal.

## IV.     CONCLUSION

Based upon the foregoing and the other documents filed contemporaneously with this Notice, all fully incorporated herein by reference, Defendant Imperial Fire and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: _/s/  Christopher H. Avery_____

HARRISON YOSS
Texas State Bar No.  22169030
hyoss@thompsoncoe.com
CHRISTOPHER H. AVERY
Texas State Bar No. 24069321
cavery@thompsoncoe.com
ALEXA GOULD
Texas State Bar No. 24109940
agould@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on May 17th, 2019, via the Court's electronic notification system on the following counsel of record:

> Chad T. Wilson
> Texas State Bar No. 24079587
> cwilson@cwilsonlaw.com
> Tara L. Peveto
> Texas State Bar No. 24076621
> tpeveto@cwilsonlaw.com
> CHAD T WILSON LAW FIRM PLLC
> 455 East Medical Center Blvd., Suite 555
> Webster, Texas 77598
> 832-415-1432 (*telephone*) | 281-940-2137 (*fax*)
> eservice@cwilsonlaw.com

*/s/ Christopher H. Avery*
Christopher H. Avery